MB. JUSTICES HASWELL and DALY,
(dissenting).
We dissent. In our opinion the state prosecution is barred by section 95-1711(4) (a), E.C.M.1947.
That statute provides in pertinent part:
“(4) Former prosecution in another jurisdiction — when a bar. When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States * * * a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this state under the following circumstances :
“(a) The first prosecution resulted * * * in a conviction * * * and the subsequent prosecution is based on an offense arising out of the same transaction.”
In section 95-1711(1) (a) (ii), the term “same transaction”' is defined as conduct consisting of
“(ii) a series of acts * * * motivated by a common, purpose or plan and which result in the repeated commission of the same offense or affect the samé person * * # or the property thereof.” (Emphasis added).
Here relator’s conduct constituted an offense within the concurrent jurisdiction of Montana and the United States. His: conduct consisted of obtaining research funds for his personal use by submitting false invoices and vouchers. This conduct constituted embezzlement under both state law (Section 94- *296 1501, R.C.M.1947) and federal law (18 U.S.C. § 641). Hence, concurrent jurisdiction in state and federal courts. The fact that federal authorities chose to prosecute and convict him for making a false statement to secure the funds (18 U.S.C. § 1001) rather than for appropriating the funds to his own use (embezzlement) does not destroy the required concurrent jurisdiction. The measure of concurrent jurisdiction under section 95-1711 (4) is not the charges on which relator is ultimately prosecuted in the two jurisdictions, but whether his conduct constitutes an offense subject to prosecution in both.
Likewise in our opinion, the state prosecution is based on offenses arising out of the same transaction as the federal conviction and therefore barred. The prior federal conviction is based on an offense arising out of the same facts, conduct and transaction as the state prosecution. All 36 charges in state court are based on a series of acts by relator (submitting false invoices and vouchers) motivated by a common purpose or plan (securing research funds for his personal use) resulting in the repeated commission of the same offense (embezzlement). His conduct also affected the same person or entity (the University of Montana) and its property (the “local pool” of its funds).
There is but one research project, one fund, a single purpose or plan, a series of the same acts, and the repeated commission of the same offense against the same institution. The initial source of the grants, the internal bookkeeping procedures of the University, and technical legal distinctions between the charges filed in the two courts cannot alter these basic facts. The statutory requirements of section 95-1711, R.C.M.1947 are satisfied and the state prosecution barred, as we see it.
We would grant the writ and order dismissal of the Information in the district court of Missoula County.